UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

ALICIA BELLAFAIRE, *et al.*,

    Plaintiffs,

v.                                            Case No. 1:18-cv-00560

TOWN OF WHEATFIELD, OCCIDENTAL
CHEMICAL CORPORATION, BELL
HELICOPTER TEXTRON, INC.,
CROWN BEVERAGE
PACKAGING, LLC, GREIF, INC.,
REPUBLIC SERVICES, INC., and
HONEYWELL INTERNATIONAL INC.,

    Defendants.

**OPINION AND ORDER
DENYING DEFENDANTS HONEYWELL INTERNATIONAL INC.'S AND
REPUBLIC SERVICES, INC.'S MOTION TO DISMISS
FOR INSUFFICIENT PROCESS**
(Doc. 22)

Plaintiffs are current and previous owners and renters of residential properties in North Tonawanda, New York and the surrounding area, who have lived in that area for at least one year. This suit (hereinafter, "*Bellafaire*") arises out of their alleged exposure to toxic and hazardous substances and the release and discharge of those chemicals onto their respective properties from the Nash Road Landfill in the Town ("the Site"). On May 16, 2018, Plaintiffs filed suit against Honeywell International Inc. ("Honeywell") and Republic Services, Inc. ("Republic") (collectively, "Defendants") asserting the following claims: (1) Defendants are strictly liable for all response costs incurred or to be incurred by Plaintiffs in connection with the Site pursuant to Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") Section 107(a); (2) Defendants are liable to Plaintiffs for contribution with respect to Plaintiffs' response

costs under CERCLA Section 113(f); and (3) declaratory relief as to future costs under CERCLA Section 113(g)(2).

I.  **Factual and Procedural Background.**

   A.  *Andres et al. v. Town of Wheatfield et al.*

On May 3, 2017, *Andres et al. v. Town of Wheatfield et al.*, which raises CERCLA claims pertaining to the Site, was removed to federal court. *See* Case No. 1:17-cv-00377 (W.D.N.Y. filed May 3, 2017) (hereinafter, "*Andres*"). As of February 6, 2019, the *Andres* plaintiffs are asserting identical claims as those in this case, against the same Defendants. On October 27, 2017, the *Andres* plaintiffs filed an Amended Complaint which added Honeywell and Republic as defendants. (*Andres* Doc. 54.) On December 15, 2017, Honeywell filed a joint motion to dismiss for failure to state a claim with the other *Andres* defendants. (*Andres* Doc. 59.) On January 31, 2018, Republic also filed a motion to dismiss for failure to state a claim. (*Andres* Doc. 80.)

On June 18, 2018, the court held oral argument on the motions to dismiss for failure to state a claim. The court granted the motions on the record and gave the *Andres* plaintiffs leave to amend. On August 17, 2018, the *Andres* plaintiffs filed their Second Amended Complaint. On October 22, 2018, the *Andres* defendants, including Honeywell and Republic, responded with a joint motion to dismiss for failure to state a claim.

   B.  *Bellafaire et al. v. Town of Wheatfield et al.*

After filing suit, the *Bellafaire* Plaintiffs did not serve a summons or Complaint on Honeywell or Republic. On September 5, 2018, following the dismissal of the claims in *Andres*, the court set a deadline for the *Bellafaire* Plaintiffs to amend their Complaint in accordance with a stipulation by the parties. On September 20, 2018, Plaintiffs filed their First Amended Complaint in *Bellafaire*. (Doc. 16.)

On October 22, 2018, Honeywell and Republic filed a motion to dismiss for insufficient service of process. (Doc. 22.) They also filed a joint motion to dismiss for failure to state a claim with the other *Bellafaire* Defendants. (Doc. 23.) On November 9, 2018, a summons was issued to Honeywell and Republic, and on November 9, 2018, Plaintiffs filed an affidavit of service. (Doc. 28.) Thereafter, Plaintiffs opposed the

motions to dismiss. On February 8, 2019, the court held a hearing on the pending motions to dismiss and took them under advisement.

## II. Conclusions of Law and Analysis.

Fed. R. Civ. P. 4(c)(1) requires a summons be served with a complaint. "The principal purpose of the service of process rule is to give the defendant notice that an action has been initiated against it." *Nichols v. Surgitool, Inc.*, 419 F. Supp. 58, 63 (W.D.N.Y. 1976); *see also Jones v. Flowers*, 547 U.S. 220, 226 (2006) ("[D]ue process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action[.]") (internal quotation marks omitted); *Hanna v. Plumer*, 380 U.S. 460, 462 n.1 (1965) (noting that the purpose of summons is to provide actual notice); *Prewitt Enters., v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.14 (11th Cir. 2003) ("[R]eceipt of actual notice is an important factor in considering whether service of process is adequate."); *Albert Levine Assocs., Inc. v. Hudson*, 43 F.R.D. 392, 394 (S.D.N.Y. 1967) ("Rules governing service of process have two functions: (1) to limit the exercise of personam jurisdiction and (2) to give adequate notice that an action is pending."). Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Honeywell and Republic were aware of the underlying claims in this suit as a result of their ongoing participation in the *Andres* suit. They were further aware of this lawsuit by stipulating to a deadline for Plaintiffs' Amended Complaint and by joining in the pending motion to dismiss for failure to state a claim. Plaintiffs served Honeywell and Republic with a summons and the First Amended Complaint within ninety days of its filing. *See* Fed. R. Civ. P. 4(m); *Hudson*, 43 F.R.D. at 394 (estopping defendant from "asserting the defense of insufficiency of service" because "there is no question of the adequacy of notice"). Because Honeywell and Republic have received adequate service of process and notice, and because "[a] clear preference exists for cases to be adjudicated

on the merits[,]" *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001), their motion to dismiss for insufficient service of process is DENIED.

## CONCLUSION

For the foregoing reasons, the court DENIES Honeywell's and Republic's motion to dismiss for insufficient service of process. (Doc. 22.)

SO ORDERED.

Dated at Burlington, Vermont, this 16th day of May, 2019.

_____
Christina Reiss, District Judge
United States District Court